CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 24, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **KERBY C. DEHART,** ) | |
| Plaintiff, ) | Case No. 7:22-cv-00310 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **DR. COX,** et al., ) | Senior United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Kerby C. DeHart, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that the federal claims must be dismissed for failure to state a claim upon which relief may be granted, and the court declines to exercise supplemental jurisdiction over any remaining claims under state law.

### I.  Background

According to the complaint, DeHart was previously incarcerated at the New River Valley Regional Jail in Dublin, Virginia, where Dr. Cox worked as a medical doctor. Compl., ECF No. 1, at 2–3. DeHart alleges that Dr. Cox placed him on prednisone for back pain. Compl., ECF No. 1, at 4. He alleges that the medication caused his blood sugar to spike and that he became a diabetic and suffered a "mini stroke" after taking the medication. Id. He claims that Dr. Cox's decision to prescribe prednisone constituted "medical malpractice" and "negligence," and that the "misdiagnosis" violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. In addition to Dr. Cox, DeHart names as a

defendant Mrs. Underwood, who he identifies as the Superintendent of the New River Valley Regional Jail. Id. at 2.

## II.     Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from an employee or agent of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still state a claim to relief that is plausible on its face." Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (internal quotation marks omitted).

## III.     Discussion

### A.     Constitutional Claims under Section 1983

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws."

2

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, because liability is "determined person by person," a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." King v. Riley, 76 F.4th 259, 269 (4th Cir. 2023) (internal quotation marks omitted).

DeHart claims that Dr. Cox violated his rights under the Eighth and Fourteenth Amendments by prescribing prednisone for back pain. The standard that applies to constitutional claims of deliberate indifference to serious medical needs depends on whether a plaintiff was a convicted prisoner or a pretrial detainee at the time of the conduct at issue. A convicted prisoner's claim of deliberate indifference is brought pursuant to the Eighth Amendment's prohibition of cruel and unusual punishment, while a pretrial detainee's claim of deliberate indifference is brought pursuant to the Due Process Clause of the Fourteenth Amendment. Stevens v. Holler, 68 F.4th 921, 930–31 (4th Cir. 2023).

"An Eighth Amendment claim for deliberate indifference to serious medical needs includes objective and subjective elements." Mays v. Sprinkle, 992 F.3d 295, 300 (4th Cir. 2021). The plaintiff must plausibly allege that the defendant "acted with 'deliberate indifference' (the subjective component) to the plaintiff's 'serious medical needs' (the objective component)." Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The subjective component of deliberate indifference "requires that the official have 'had actual subjective knowledge of both the inmate's serious

3

medical condition and the excessive risk posed by the official's action or inaction.'" Mays, 992 F.3d at 300 (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)). "That is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." Jackson, 775 F.3d at 178.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from governmental actions that are "not rationally related to a legitimate nonpunitive purpose or that . . . appear excessive in relation to that purpose." Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015) (internal quotation marks and citation omitted). To state a claim for deliberate indifference to a serious medical need in violation of the Fourteenth Amendment, "a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed." Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). Allegations of mere negligence do not suffice. Id. at 611–12.

Applying these principles, the court concludes that DeHart's allegations against Dr. Cox fail to state a cognizable claim of deliberate indifference in violation of the Eighth Amendment or the Fourteenth Amendment. Even assuming that Dr. Cox's decision to prescribe prednisone was negligent or "mistaken, even gravely so, . . . standing alone it is insufficient to clear the high bar of a constitutional claim." Jackson, 775 F.3d at 178 (internal

4

quotation marks omitted); see also Palakovic v. Wetzel, 854 F.3d 209, 227 (3d Cir. 2017) (emphasizing that allegations of mere negligent treatment "do not trigger the protections of the Eighth Amendment") (citing Estelle, 429 U.S. at 105–06); Short, 87 F.4th at 611–12 ("To be clear, it is still not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee. Negligence was not enough before, and it is not enough now.") (internal citations omitted). Without additional factual content, the allegations in the complaint do not provide a plausible basis to conclude that Dr. Cox "consciously disregarded the risk that [her] action . . . . would result in harm" or "knew or should have known . . . that [her] action . . . posed an unjustifiably high risk of harm." Short, 87 F.4th at 611. Consequently, the complaint fails to state an Eighth or Fourteenth Amendment claim of deliberate indifference against Dr. Cox.

The complaint also fails to state a claim under § 1983 against Mrs. Underwood. Although DeHart lists Mrs. Underwood as a defendant, he does not set forth any specific facts describing what she allegedly did or did not do that violated his federal constitutional rights. To the extent that DeHart is attempting to hold Mrs. Underwood liable based solely on her position as the Superintendent of the New River Valley Regional Jail, he may not do so. It is well settled that "vicarious liability is inapplicable to . . . § 1983 suits" and that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Because the complaint provides no indication as to how Mrs. Underwood was responsible for the denial of any federal constitutional right, it fails to state a claim under § 1983 against this defendant.

For these reasons, the federal claims asserted in the complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**B.     Claims under State Law**

The complaint also asserts claims of negligence and medical malpractice under state law. Having concluded that the complaint fails to state a cognizable federal claim, the court declines to exercise supplemental jurisdiction over the claims under state law and will dismiss those claims without prejudice. See 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").

### IV.     Conclusion

For the foregoing reasons, the court concludes that DeHart's complaint fails to state a cognizable claim under federal law against either of the named defendants. The federal claims are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1), and any claims under state law are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Based on DeHart's status as a pro se litigant, the court will allow him an opportunity to file an amended complaint within 30 days.

An appropriate order will be entered.

Entered: October 23, 2024

Mike Urbanski
Senior U.S. District Judge
2024.10.23 17:05:05
-04'00'

Michael F. Urbanski
Senior United States District Judge